AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☑ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

Counts 1-5 - 18 U.S.C. Sec. 1341 - Mail Fraud

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
Counts 1-5: 20 years imprisonment, $250,000 fine, 3 years supervised release, and $100 special assessment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

▶ LINDSEY BERTELSON

FILED
DEC -7 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DISTRICT COURT NUMBER

**CR07-0780** MJJ

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☑ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM   **SCOTT N. SCHOOLS**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   H. H. (SHASHI) KEWALRAMANI

**DEFENDANT**

IS *NOT* IN CUSTODY
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

Northern District of California

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

FILED

2007 DEC -7 PM 3:54

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR07-0780 |
| Plaintiff, ) | VIOLATION: 18 U.S.C. § 1341 - Mail Fraud (Five Counts); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture |
| v. ) | |
| LINDSEY BERTELSON, ) | |
| Defendant. ) | OAKLAND VENUE |

## INFORMATION

The United States Attorney charges:

### BACKGROUND

At all times relevant to this indictment:

1. Defendant Lindsey Bertelson was employed as an administrative assistant at PepsiCo, Inc. ("PepsiCo"), in Pleasanton, California.

2. Federal Express ("Fed Ex") was a private, commercial interstate carrier.

3. United Parcel Service ("UPS") was a private, commercial interstate carrier.

4. www.costco.com was an Internet website that allowed customers to purchase items over the Internet through the use of certain credit cards and have them shipped at the purchaser's request.

///

INFORMATION

COUNTS ONE-FIVE: (18 U.S.C. § 1341 – Mail Fraud)

5. The allegations in paragraphs 1 through 4 are realleged and incorporated herein as if set forth in full.

## SCHEME TO DEFRAUD

6. Between in or about August 2000 and continuing until in or about March 2005, in the Northern District of California, the defendant,

LINDSEY BERTELSON,

did knowingly devise and intend to devise, and participate in, a material scheme and artifice to defraud PepsiCo and to obtain money and property from PepsiCo by means of materially false and fraudulent pretenses, representations, and promises by improperly ordering and purchasing items using a credit card issued by PepsiCo to defendant, which was only to be used to make purchases authorized by defendant's supervisor and for PepsiCo's business purposes. Several of these purchases were made on the www.costco.com website and included kitchen appliances, jewelry, cameras, and office equipment.

## USE OF THE MAILS

7. On or about the dates listed below, in the Northern District of California, for the purpose of executing the aforementioned scheme and artifice to defraud, the defendant,

LINDSEY BERTELSON,

did knowingly cause to be delivered by a private or commercial interstate carrier, to Pleasanton, California the items described below:

| COUNT | DATE | FROM | TO | ITEM |
|---|---|---|---|---|
| 1 | 2/27/2003 | www.costco.com | Pleasanton, CA | Canon Sure Shot camera |
| 2 | 8/21/2003 | www.costco.com | Pleasanton, CA | SharpVL-Z3U mini DV player |
| 3 | 5/11/2004 | www.costco.com | Pleasanton, CA | Kitchen Aid 5 Quart Stand Mixer |

///
///
///

INFORMATION                              2

| COUNT | DATE | FROM | TO | ITEM |
|---|---|---|---|---|
| 4 | 7/26/2004 | www.costco.com | Pleasanton, CA | Jack Lalanne Juicer |
| 5 | 9/13/2004 | www.costco.com | Pleasanton, CA | 7 mm. Platinum Band size, 12.5 |

All in violation of Title 18, United States Code, Section 1341.

FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(2)(A) - Criminal Forfeiture)

8. The allegations contained in paragraphs 1-7 of this Information are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A).

9. Upon conviction of the offenses alleged in Counts One-Five, the defendant,

LINDSEY BERTELSON,

shall forfeit to the United States all property, constituting and derived from proceeds traceable to said offenses.

If any of said property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; any and all interest defendants have in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

DATED: December 7, 2007

SCOTT N. SCHOOLS
United States Attorney

W. DOUGLAS SPRAGUE
Chief, Oakland Branch Office

(Approved as to form: _____)
AUSA KEWALRAMANI
Assistant U.S. Attorney

INFORMATION                                3