JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DANIEL R. KALEBA (CABN 223789)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile: (510) 637-3724
    E-Mail: daniel.kaleba@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> LINDSEY BERTELSON <br>     Defendant. | No.   CR 07-00780 SBA <br><br> UNITED STATES' SENTENCING MEMORANDUM FOR DEFENDANT LINDSEY BERTELSON <br><br> Sentencing Date:  April 29, 2008 <br> Sentencing Time:  10:00 a.m. |

**I.    INTRODUCTION**

On January 10, 2008, defendant Lindsey Bertelson pled guilty to Count One of the Information, mail fraud, in violation of 18 U.S.C. § 1341. The defendant admitted as true that she abused her position of trust with her employer, PepsiCo, by using her corporate credit cards and other financial accounts to make personal purchases in excess of $60,000 over a five year period. This was a crime of sustained greed, and not one of solitary impulse. Ms. Bertelson used her cards to purchase, among other items, a wedding band for her husband, a Kitchen Aid stand mixer, Armani sunglasses, a digital camera, a mini digital video player, and a Jack Lalanne Juicer. *See generally* Plea Agreement at ¶ 10. The defendant used these credit cards knowing the bills would be paid by her employer.

The defendant's guidelines range for imprisonment is 12 to 18 months, and falls within Zone D of the Sentencing Table. PSR ¶ 54. The United States believes a low end Guidelines sentence is appropriate in this instance, and respectfully requests this Court to impose a sentence that includes a term of imprisonment not to exceed 12 months. The United States disagrees with the United States Probation Office's ("USPO") non-Guidelines recommendation of 12 months of home confinement and 5 year probation as inconsistent with the statutory purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

**II. ARGUMENT**

**A.    The USPO's Guidelines Calculation Is Correct.**

The United States agrees with the USPO that the Total Offense Level is 12. PSR ¶ 25. Pursuant to the Plea Agreement, the defendant also agrees that the Total Offense Level is 12. Plea Agreement at ¶ 7(g). The USPO properly applies a 6-level enhancement under U.S.S.G. § 2B1.1(b)(1)(D) for the agreed upon loss amount of $60,219.52, and a 2-level enhancement under U.S.S.G. § 2B1.1(a) for the defendant's abuse of her position of trust imparted by her employer. PSR ¶¶ 16 and 17. The United States offers no further proffer concerning the loss amount in excess of $60,219.52. PSR ¶ 9.

The United States agrees with the USPO that the defendant's criminal history points total is three, establishing a Criminal History Category of II. PSR ¶ 31. As set forth in paragraph 2 of the Plea Agreement, the defendant's scheme to defraud her employer continued from August 2000 through March 2005. The defendant's DUI conviction, with the 3 day imprisonment and 3 year probation sentence, was imposed on July 31, 2002, right in the middle of the scheme to defraud. PSR ¶ 28. Two points are properly applied because the defendant committed the instant offense while under a criminal judicial sentence under U.S.S.G. § 4A1.1(d). This encounter with law enforcement, including the 3 year probation period, obviously did not deter the defendant's ongoing fraud against her employer, and calls into question the defendant's overall respect for the law.

//
//

**B.    The Defendant's Guidelines Sentence Calls for 12-18 Months Imprisonment.**

Based upon the loss amount, as well as the abuse of trust, the defendant's Guidelines sentence falls within Zone D of the Sentencing Table, with a range of 12 to 18 months imprisonment. PSR ¶ 54. Because the applicable guideline range is in Zone D of the Sentencing Table, the minimum term "shall be satisfied by a sentence of imprisonment." U.S.S.G. § 5C1.1(f); *see also* Application Note 8 to § 5C1.1 (providing that "where the applicable guideline range is in Zone D of the Sentencing Table . . . the minimum term must be satisfied by a sentence of imprisonment without the use of any of the imprisonment substitutes in subsection (e) [of U.S.S.G. § 5C1.1]. The United States agrees with the USPO's finding that it has not identified any factor that warrants an upward or downward departure from the applicable guideline range. PSR ¶ 66.

**C.    A Sentence of Imprisonment Is Appropriate.**

The Ninth Circuit recently provided a useful post-*Booker* roadmap for the district courts when imposing a sentence under the now advisory Sentencing Guidelines. *See generally United States v. Booker*, 543 U.S. 220 (2005). As set forth in *United States v. Carty*, the district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the purposes of sentencing contained in 18 U.S.C. § 3553(a)(2). 2008 WL 763770, *3 (9th Cir. March 24, 2008). The district court is to use the Guidelines as "the starting point and the initial benchmark" and keep them "in mind throughout the process." *Id.* at *4. While the Guidelines range should not be given more or less weight than any other factor, when a district court decides that an outside-Guidelines sentence is warranted, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* The district court is further instructed to sufficiently explain the sentence to allow meaningful appellate review. *Id.*

Here, the USPO recommends, pursuant to 18 U.S.C. § 3553, that no sentence of imprisonment be imposed in favor of 12 months home confinement with electronic monitoring, 5 years of probation, a $3,000 fine, and restitution as set forth in the plea agreement. In support of this recommendation, the USPO states that this was an unsophisticated crime easily traceable to

1  the defendant; that probation would have a longer period of time to supervise the defendant; that
2  probation and home confinement would serve as adequate deterrence; and that home
3  confinement would allow the defendant to continue with her professional endeavors and attend
4  her family responsibilities.  USPO Sentencing Recommendation at 2.
5       Respectfully, none of the factors identified by the USPO justifies a complete departure
6  from a Guidelines sentence under § 3553(a)(2).  Section 3553(a)(2)(A) instructs courts to
7  consider the seriousness, not necessarily the complexity, of the underlying offense.  Further,
8  whether the fraud involved sophisticated means is a basis for a 2 level *enhancement* pursuant to
9  U.S.S.G. § 2B1.1(b)(9), but the Guidelines provide no reduction for fraud involving
10 unsophisticated means.  Second, because the defendant engaged in the instant 5 year fraud during
11 her 3 year DUI probation, it is not sufficiently clear that probation serves as an adequate
12 deterrence or that the defendant respects the law.  A term of imprisonment may temporarily
13 inhibit, but would not altogether prevent, the defendant from providing restitution to the victim
14 through the Bureau of Prisons Inmate Financial Responsibility Program.  18 U.S.C. § 3553(a)(7).
15 Lastly, imprisonment certainly interferes with most defendants' professional and familial
16 responsibilities, but this factor does not otherwise discharge this defendant's culpability, and
17 does not adequately account for potential sentencing disparities among defendants with similar
18 criminal records found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).
19      The United States therefore recommends, consistent with the sentencing factors of 18
20 U.S.C. § 3553(a), and the Ninth Circuit's instruction in *Carty*, that a low end Guidelines sentence
21 is appropriate.  If this Court considers as sufficient a sentence less than the low end of the
22 Guidelines, the United States recommends that the sentence should still include a term of
23 imprisonment, and that any departure below the guideline range include a term of community
24 service not less than 500 hours.  The United States also recommends against the imposition of
25 any fine, and that such resources be committed to restitution for the victim in the agreed upon
26 amount of $60,219.52.
27 //
28 //

4

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests this Court to sentence the defendant to not more than 12 months imprisonment, impose a three-year term of supervised release, and order the defendant to pay restitution in the amount of $60,219.52 and a $100 special assessment.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: April 22, 2008

                      /s/
DANIEL R. KALEBA
Assistant United States Attorney