Michael P. Thorman, State Bar No. 63008
BONJOUR, THORMAN, BARAY & BILLINGSLEY
24301 Southland Drive, Suite 312
Hayward, CA 94544
(510) 785-8400
michael@btbandb.com

Attorneys for Defendant
Lindsey Bertelsen

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>                Plaintiff,<br><br>vs.<br><br>LINDSEY BERTELSON<br>                Defendant.<br>_____/ | No.  CR-07-00780-1 SBA<br><br>DEFENDANT'S SENTENCING<br>MEMORANDUM<br><br>Date:  April 29, 2008<br>Time:  10:00 a.m.<br>Court: Judge S. Armstrong |

**INTRODUCTION**

Lindsey Bertelsen appears for sentencing following her plea to Count One of a five-count Information. The terms of her plea were negotiated before her arrest, and she pled guilty at her first court appearance. The prompt disposition of this case was a function of her candid and timely acceptance of responsibility for her conduct.

In this memorandum, Ms. Bertelsen requests that the Court follow the recommendation contained in the presentence report.[1] For the reasons set forth in that report a period of home detention with electronic monitoring satisfies the statutory dictates of 18 U.S.C. § 3553. Additionally, as explained below, a period of incarceration will have a devastating impact on Ms.

---

[1] Given defendant's family financial circumstances, as discussed in this memorandum, in conjunction with the amount of restitution to be paid, the Court may see fit to lower the fine recommended in the report. Because this issue is minor in comparison with considerations of imprisonment, it will not be discussed beyond this footnote.

1

Bertelsen's family and will significantly deter her ability to make restitution. For all the reasons, this Court should adopt the well-reasoned recommendation of the presentence report.

## SENTENCING CONSIDERATIONS

GUIDELINE CALCULATIONS

Defendant agrees with the Guideline calculation setting the Offense Level at 12, a level set forth in both her plea agreement and in the PSR. While she also agrees that she falls within a Criminal History Category of II by virtue of her six-year old state driving under the influence of alcohol conviction in conjunction with the fact that the present offense was committed during the time she was on probation for her DUI, she submits that a level II criminal history overstates her level of criminality and the Court should therefore downwardly depart to a Criminal History Category of I.

Defendant's DUI conviction occurred during the time period when she committed the instant offense. While she was placed on probation for that offense, her probation, as is common for these offenses in state court, was totally unsupervised. Her conditions of probation related to driving and alcohol, and in no way implicated the behavior that has resulted in the present conviction.

Adding criminal history points for criminal behavior committed during probation makes sense when that behavior flouts the privilege and opportunity a probationary sentence provides. In Ms. Bertelsen's circumstances, there was no connection between the two. For this reason, the Court should place Ms. Bertelsen in a Criminal History Level I, subjecting her to a sentence range of 10-16 months in a Zone C.

18 USC 3553 FACTORS

At the outset, the Court should understand that the woman that will appear at the time of sentencing is a far different person than the one who committed this offense. Ms. Bertelsen was very young, unattached, and in many ways irresponsible. She has since grown up, having gotten married, given birth to a child, and now having to run a household while being employed full

time.  As she will express to the Court at the time of sentencing, she is truly embarrassed and ashamed by her conduct in this case.

Next, there are several factors, previously "discouraged" under the Guidelines, which apply in this case and are now appropriate for consideration under the Supreme Court's decisions in *Gall v. United States,* ___U.S. ___, 128 S.Ct. 586 (2007) and *Kimbrough v. United States,* ___ U.S. ___, 128 S.Ct. 558 (2007).  In regards to a defendant's youth, the Court in *Gall* stated:

> It was not unreasonable for the District Judge to view Gall's immaturity at the time of the offense as a mitigating factor, and his later behavior as a sign that he had matured and would not engage in such impetuous and ill-considered conduct in the future.  Indeed, his consideration of that factor finds support in our cases.

*Gall,* 128 S.Ct. at 602.  Ms. Bertelsen's involvement in the present offense began when she was twenty-one years old.  The passage of time and her life circumstances show that she has greatly matured since then.  This fact supports the conclusion that a term of imprisonment is not needed to protect the public from future crimes of the defendant.

Another previously discouraged sentencing factor under the Guidelines is family ties and responsibilities.  In *Gall*, however, the Court makes much of the *government's* concession that family circumstances and responsibilities would be a valid basis to impose a non-custodial sentence of probation, outside the guideline range.  *Gall*, 128 S.Ct. at 602.

Ms. Bertelsen's family responsibilities present an extremely compelling reason why home detention in lieu of actual incarceration is an appropriate sentence in this case.  First, she has a fifteen month old son.  While Ms. Bertelsen cannot and does not claim that there would be no one to care for her son if she were incarcerated – Ms. Bertelsen's mother cares for the boy while Ms. Bertelsen is at work and her husband is also in the household – her incarceration would likely be extremely detrimental to the boy's development.  At this age, Ms. Bertelsen is the most important person in the boy's life.  He cannot and will not understand why his mother has left him (if she is incarcerated) and would likely suffer a loss in his sense of security and trust with concomitant deficits and perhaps deviations in his normal development.  It is proper for this Court to consider the impact of any sentence on this child.

Second, Ms. Bertelsen is the primary and most reliable income-producer in her family unit. Her husband works construction, and has been hampered in his income production both by the economy and the seasonal nature of his work. This income variance is reflected in the presentence report. The husband's lack of income recently has forced Ms. Bertelsen to use some of the money she had saved to pay toward restitution to use in payment of household obligations.[2]

If incarcerated, Ms. Bertelsen will no longer be employed and the family will be financially devastated. In all likelihood, they will be unable to continue to live at their current residence. Further, Ms. Bertelsen is not employed at an entry level position; her ability to secure comparable employment after incarceration is most unlikely, which has present and future implications for her ability to pay restitution. These factors strongly support the home detention with electronic monitoring recommended in the presentence report.

This writer notes with approval the PSR recommendation that Ms. Bertelsen be evaluated for and receive psychological counseling if necessary. Ms. Bertelsen reports her father was a verbally abusive alcoholic, and this fact may have had some causal relationship with her behavior in this offense. The important point here is that such counseling can be effectively conducted in a probation context, satisfying the dictates of 18 U.S.C. § 3553(2)(D), and that incarceration is not necessary to effectively provide such services.

We are mindful of the need for a sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." §3553(2)(A). Obviously, we agree with the PSR that the recommended sentence does that. In light of the government's position on sentencing as stated in its memorandum, one must also acknowledge that § 3553 factors together may in some cases argue for conflicting results and thus require a balancing of interests. Defendant submits that such a balancing process strongly supports the recommendation in the PSR.

---

[2] Ms. Bertelsen had saved over $10,000 she had intended to pay toward restitution. She has also been trying for several months to sell a vehicle and expected to get at least $10,000 for it. It has not yet sold. As of last week, her reserve for payment of restitution was $5,500 due to her husband's lack of income and the need to pay other household bills.

**CONCLUSION**

For the reasons set forth herein, defendant requests the Court place defendant on probation for a period of five years under the conditions set forth as recommended in the presentence report.

DATED: April 23, 2008

                                      Respectfully Submitted,


                                      ___/s/_____
                                      MICHAEL P. THORMAN
                                      Attorney for Defendant Lindsey Bertelsen