Michael P. Thorman, State Bar No. 63008
BONJOUR, THORMAN, BARAY & BILLINGSLEY
24301 Southland Drive, Suite 312
Hayward, CA 94544
(510) 785-8400
michael@btbandb.com

Attorneys for Defendant
Lindsey Bertelsen

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LINDSEY BERTELSON<br>　　　　　　Defendant.<br>_____/ | No. CR-07-00780-1 SBA<br><br>DEFENDANT'S SUPPLEMENTAL<br>SENTENCING MEMORANDUM<br><br>Date:　April 29, 2008<br>Time:　10:00 a.m.<br>Court:　Judge S. Armstrong |

　　　　I have been advised by Federal Probation Officer Sara Black that a question has arisen as to the appropriate base offense level to be applied in the above referenced matter. The plea agreement in this case, followed by the PSR, asserted a base offense level of 6 pursuant to U.S.S.G. § 2B1.1. Now, because of the recognition that the count of conviction in this case carries a maximum possible sentence of twenty years, it is apparently believed that the base offense level should be 7 pursuant to U.S.S.G. § 2B1.1(a)(1). The purpose of this memorandum is to demonstrate that *ex post facto* restrictions require a finding that the base offense level is 6.

　　　　Defendant pled guilty to Count One of the Information, charging a violation of 18 U.S.C. § 1341 which occurred on February 27, 2003. At that time, the operative Guideline provision called for a base offense level of 6 for defendant's offense.

　　　　On November 1, 2003, an amended Guideline provision took effect which raised the based offense level from 6 to 7 for offenses referenced in the Guideline with a statutory maximum term of imprisonment of 20 years or more. This provision would apply to convictions for violating 18 U.S.C. §1341.

1  In defendant's case, the period of fraud alleged in the Information commenced before the Guideline amendment and continued after the Guideline had been amended. Additionally, specific events were alleged to have occurred (but did not result in conviction) after the amendment to the Guideline. Without a doubt, the conduct alleged after the Guideline amendment is relevant conduct pursuant to U.S.S.G. § 1B1.3. The question, then, is whether the amended Guideline provision can be used because relevant conduct occurred after the effective date of the amendment even though the count of conviction occurred before the amendment.

The Guideline Commentary clearly answers in the negative. U.S.S.G § 1B1.11, Application Note 2, states:

> Under subsection (b)(1), the last date of the offense of conviction is the controlling date for ex post facto purposes. For example, if the offense of conviction (i.e., the conduct charged in the count of the indictment or information of which the defendant was convicted) was determined by the court to have been committed between October 15, 1991 and October 29, 1991, the date of October 28, 1991 is the controlling date for ex post facto purposes. **This is true even if the defendant's conduct relevant to the determination of the guideline range under § 1B1.3 (Relevant Conduct) included an act that occurred on November 2, 1991 (after a revised Guideline Manual took effect).**

[Emphasis added.]

It would be a violation of *ex post facto* restrictions to find a base offense level of 7 for an offense committed when the base offense level was 6. This Court should therefore find a base offense level of 6.

DATED: April 28, 2008

Respectfully Submitted,

_____/s/_____
MICHAEL P. THORMAN
Attorney for Lindsey Bertelsen