IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR-07-00780-1 SBA |
| Plaintiff, | |
| v. | **ORDER** |
| LINDSEY BERTELSON | [Docket No. 17] |
| Defendant. | |

Currently before the Court is Defendant's Motion to Correct Sentence [Docket No. 17].

On April 29, 2008, defendant was sentenced to 12 months imprisonment after pleading guilty to one count of mail fraud pursuant to 18 U.S.C. § 1341. The applicable guideline range in defendant's case was 12-18 months and defendant was sentenced to 12 months imprisonment.

In the present motion, defendant alleges that, as sentenced, she is not entitled to earn good time credit and therefore must serve the entire 12 months of her sentence. She further alleges that had she been sentenced to 12 months and one day, she would have earned good time credit and, therefore, would have had to serve less than a 12-month sentence. This issue, however, was never raised at sentencing.

Defendant now claims that her sentence was the result of an arithmetical or technical error and therefore correctable under Rule 35(a) of the Federal Rules of Criminal Procedure. Her argument appears to be that, because she was sentenced at the low end of the applicable guideline range (12 months), the Court *intended* to give defendant the lowest possible guideline sentence, and the lowest possible guideline sentence is not 12 months but rather 12 months and one day due to the impact of good time credit. Thus, defendant is essentially arguing that the Court intended to

sentence her to 12 months and one day but inadvertently sentenced her to 12 months.  Therefore, defendant contends that her sentence was the result of an arithmetic, technical or other clear error pursuant to Rule 35(a).

Rule 35(a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  Rule 35(a)'s authorization to a court to reduce a sentence for arithmetical, technical, or other clear error, however, is to be construed very narrowly.  *Id.* Advisory Committee's Note.

In her motion, defendant *assumes* that the Court intended to sentence her to the lowest possible guideline sentence.  However, there is actually nothing in the record to establish this and the issue of good time credit was never raised at sentencing.  Had defendant raised the issue of good time credit at sentencing, the Court would certainly have considered defendant's request.  But, this does not mean that the Court's sentence was an error.  Rather, defendant simply failed to raise an issue pertinent to sentencing and the Court therefore never had an opportunity to consider it.  While the Court appreciates defendant's argument, she should have raised it at sentencing.  Rule 35(a) does not authorize a court to reconsider issues such as the application of the sentencing guidelines after sentencing or for the court simply to change its mind about the appropriateness of the sentence.  *Id.*; *United States v. Kieffer*, 257 Fed. Appx. 378 (2d Cir. 2007).  Accordingly, defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: 5/8/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

2